Dear Mayor Harris:
This office is in receipt of your request for an opinion in regard to collection of tax from the prison's commissary. You indicate the Ouachita Parish Correctional Facility is located within the corporate limits of Richwood, and a prison commissary is included in the Facility. You ask whether the Town of Richwood can collect sales and use tax from the firm and vendors involved in the operation of the commissary.
This office has considered a similar inquiry in Atty. Gen. Op. 97-353 wherein this office was asked whether inmates should be charged sales taxes on commissary items purchased at the West Baton Rouge Correctional Facility. This office observed that under R.S. 47:305 a sales tax is levied on sales of tangible personal property, and found no exemption on sales of personal property to inmates. Therefore, it was concluded that sales tax should be collected in connection with commissary sales conducted at the Correctional Facility and Work Release Center, noting that in a previous opinion this office determined that both local and state sales tax should be collected on sales to inmates, residents and visitors when conducted at a retail outlet operated at a state prison facility, Atty. Gen. Op. No. 77-636.
We also find Atty. Gen. Op. No. 99-95 pertinent wherein you asked this office whether the Town of Richwood could collect sales and use tax from the contractors and vendors of the Parish Police Jury involved in the renovations and expansion of the Parish Correctional Center located in the Town. This office opined that any materials or equipment purchased directly from a contractor/vendor by the Parish Police Jury is not subject to any sales and use tax levied by the Town inasmuch as the Police Jury is excluded from the definition of "person" who would be liable for the payment of both state and local sales and use tax.
From your request herein it appears that neither the Parish nor the Correctional Facility itself operates the commissary since you refer to collecting tax from "the firm that operates the prison's commissary."
In Atty. Gen. Op. 98-191 there was an inquiry relative to applicability of payment of local sales and use taxes by out-of-city vendors participating in the "Springfest".on Grambling campus. It was observed that some distinctions which are relevant to a determination concerning whether a sale is subject to city sales tax is whether any of the exemptions from the tax are applicable. The exemptions for fairs, and festivals sponsored by nonprofit organizations was noted when the entire amount of the proceeds go "to charitable, civic, educational, historical, or other similar projects." While no indication was found that this was the case, it was further pointed out the mere fact that such an event is sponsored on a nonprofit basis would not in itself affect the application of sales tax laws to the individual vendors participating in the event. It was concluded that the vendors participating in the "Springfest" on the campus of Grambling State Univesity must collect and remit the City's sales tax.
Not having a full explanation as to the operation of the commissary, we cannot answer your inquiry specifically, but hope that by having set forth the pertinent law you can apply it to the facts of your situation. Accordingly, in the absence of a specific exemption upon which a vendor can rely, city sales tax must be collected and remitted.
We would suggest you contact the local sales tax office and state sales office. However, if you should have any further questions, do not hesitate to contact us.
Yours very yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General